IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| RONALD STAFFIERI, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 12-1612 |
| | : | |
| NORTHWESTERN HUMAN SERVICES, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                 **May 22, 2013**

Presently before this Court is Defendant's, Northwestern Human Services, Inc. ("Defendant"), Motion for Summary Judgment against Plaintiff, Ronald Staffieri ("Plaintiff"), Plaintiff's Response in Opposition and Defendant's Reply. For the reasons set forth below, Defendant's Motion is denied.

**I.      BACKGROUND**

Plaintiff is a sixty-five (65) year old male. (Compl. ¶ 10.) Defendant is a Pennsylvania not-for-profit entity which employs over 10,000 individuals and provides mental health services throughout Pennsylvania. (Id. ¶ 7.) Plaintiff was employed by Defendant as a Director of Security for a period of approximately two-and-a-half years beginning in or around September 2008. (Id. ¶¶ 11-12.) Plaintiff was terminated by Defendant on or about January 10, 2011. (Id. ¶ 15.)

Plaintiff filed suit against Defendant on March 30, 2012, alleging discrimination based upon his age and because he took qualifying medical leave. (See Doc. 1; see also Compl. ¶¶ 26-

37.)

*Age Discrimination*

Plaintiff contends that throughout the term of his employment, he perceived disparate treatment from Defendant towards himself as compared with other younger employees of Defendant. (Id. ¶ 13.) In the two months prior to Plaintiff's termination, Plaintiff made multiple complaints of age bias and discriminatory treatment based upon his age to the management of Defendant. (Id. ¶ 14.) At the time of Plaintiff's termination, he was told by representatives of Defendant that the position was being eliminated. (Id. ¶ 16.) Plaintiff contests this statement in alleging that he was "functionally replaced" by Byron White ("White"), an employee of Defendant, who is at least thirty years younger than Plaintiff. (Id. ¶ 19.) In support of this contention, Plaintiff asserts that, though White did not work as a director of security as Plaintiff had worked, Plaintiff's former staff reported to White and White performed Plaintiff's general job functions. (Id. ¶ 20.) Plaintiff's age discrimination claims are brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. § 951 *et seq*. (Id. ¶¶ 26-33.) In these claims, Plaintiff alleges that he was wrongfully terminated due to his age, and in retaliation for his complaints to management regarding this alleged unlawful discrimination. (Id.)

*Discrimination for Taking Qualifying Medical Leave of Absence*

Sometime in mid-2010, Plaintiff took a medical leave to have knee surgery. (Id. ¶ 35.) Upon his return to work, Plaintiff asserts that he was treated in a hostile manner as a result of his absence. (Id. ¶ 36.) Plaintiff's discrimination claim relating to his medical leave falls under the Family & Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and alleges that Plaintiff was

2

wrongfully terminated by Defendant in retaliation for his use of qualifying medical leave. (Id. ¶¶ 34-37.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) states that summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." See Hines v. Consol. Rail Corp., 926 F.2d 262, 267 (3d Cir. 1991). The Court asks "whether the evidence presents a sufficient disagreement to require submission to the jury or whether . . . one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A fact is material if it could affect the outcome of the suit after applying the substantive law. Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'" Compton v. Nat'l League of Prof'l Baseball Clubs, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998).

Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings and counter with evidence that presents "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. Plaintiff. 56(e); see Big Apple BMW, Inc. v. BMW of N. Am. Inc., 974 F.2d 1358, 1362-63 (3d Cir. 1992). "More than a mere

3

scintilla of evidence in its favor" must be presented by the non-moving party in order to overcome a summary judgment motion. Tziatzios v. United States, 164 F.R.D. 410, 411-12 (E.D. Pa. 1996). If the court determines that there are no genuine issues of material fact, then summary judgment will be granted. Celotex, 477 U.S. at 322.

### III. DISCUSSION

#### A. Counts I & II: Violations of the Age Discrimination in Employment Act and the Pennsylvania Human Relations Act

Plaintiff brings suit pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, 43 Pa. Stat. § 951 *et seq.* ("PHRA"). Since the PHRA and the ADEA utilize the same analytical framework, we will discuss Plaintiff's federal and state claims together. Brethwaite v. Cincinnati Milacron Mktg., Co., No. 94-3621, 1995 WL 710578, at *2 (E.D. Pa. Nov. 30, 1995) (citing Pennsylvania State Police v. Pennsylvania Human Relations Comm'n, 542 A.2d 595, 599 (Pa. Commw. Ct. 1988) (stating that Pennsylvania courts have adopted the McDonnell Douglas burden shifting framework used in federal courts)).

#### 1. Age Discrimination

Age discrimination claims are governed by the three step burden shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The initial burden rests with the plaintiff to produce evidence that establishes a prima facie case of age discrimination in the eyes of a reasonable fact finder. McDonnell, 411 U.S. at 802. If the plaintiff satisfies this obligation, the burden then shifts to the employer to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." Id. Once the employer discharges its

4

light burden, the burden of production swings back to the plaintiff, who must now show that the employer's explanation is pretextual. Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994).

      a.    *Prima Facie Case*

In the absence of direct evidence, a plaintiff may demonstrate a prima facie case of discrimination by showing that he: (1) belongs to a protected class (i.e., that Plaintiff was over 40[1]); (2) was qualified for the position; (3) was subject to an adverse employment decision; and (4) since the termination was part of reduction in force or position elimination, other similarly situated younger employees were retained to permit an inference of age discrimination. Torre v. Casio, Inc., 42 F.3d 825, 830-31 (3d Cir. 1994); see also Tumolo v. Triangle Pacific Corp., 46 F. Supp. 2d 410, 414 (E.D. Pa. 1999). Defendant does not dispute that Plaintiff belongs to a protected class, that he was qualified to work as a director of security or that he was dismissed despite being qualified. However, Defendant does contend that Plaintiff cannot establish that his "remaining responsibilities were transferred to a person significantly younger than he." (Def.'s Mot. Summ. J. 8. (citing Sosky v. Int'l Mill Serv., Inc., No. 94-2833, 1996 U.S. Dist. LEXIS 791, at *16-18 (E.D. Pa. Jan. 25, 1996), *aff'd*, 103 F.3d 114 (3d Cir. 1996)).

Plaintiff contests Defendant's argument, citing to the following evidence that he was functionally replaced: White received a pay raise; White was attending meetings and giving advice in areas that were within the job responsibilities of Plaintiff; White was performing tasks that were usually performed by Plaintiff; Defendant was trying to move White into a "nicer and more well placed office" and move Plaintiff to a smaller office in the basement of the facility;

---

[1]In age discrimination suits, individuals who are at least forty years of age form the protected class. See 29 U.S.C. § 631.

5

and, the deposition testimony of Art Fastman ("Fastman"), the Executive Director of the facility and Plaintiff's superior, which seemingly supports his argument that he was replaced by White. (Pl.'s Response at 10.)  In light of these allegations, we find that Plaintiff has adequately presented evidence to infer at the summary judgment stage that he was functionally replaced by a substantially younger employee (White).

We find additional support from <u>Torre v. Casio, Inc.</u>, 42 F.3d 825, 831 (3d Cir. 1994), a case that mirrors the one before this Court.  In <u>Torre</u>, the United States Court of Appeals for the Third Circuit ("Third Circuit") stated that the fourth prong should be relaxed in certain circumstances, and especially when there is a reduction in force.  <u>Torre</u>, 42 F.3d at 831; <u>see also</u> <u>Billet v. CIGNA Corp.</u>, 940 F.2d 812, 816 n. 3 (3d Cir. 1991); <u>Healy v. New York Life Ins. Co.</u>, 860 F.2d 1209, 1214 (3d Cir. 1988).  The defendant in <u>Torre</u> conceded that plaintiff satisfied prongs one through three, but argued that plaintiff failed to show that he was ultimately replaced by someone younger.  <u>Torre</u>, 42 F.3d at 831-32.  The Court disagreed, and instead found that plaintiff satisfied this prong by showing indirect evidence that other younger people were not transferred when he was, nor were younger people fired when he was terminated.  <u>Id.</u>  When viewed in the context of a job elimination setting, the Court found these facts permitted an inference of age discrimination.  <u>Id.</u>  Summing up its view, the Court stated that the "inference of age discrimination may not be overpowering, but we cannot say as a matter of law, it is insufficient."  <u>Id.</u>

In regards to the facts of this case, it is unquestioned that Plaintiff was the only employee terminated and that younger employees such as White were retained.  In light of the Third Circuit's holding in <u>Torre</u>, we find that Plaintiff has sufficiently set forth a prima facie case of

age discrimination.

### b. *Reason for Termination*

Next, the burden swings to Defendant to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." McDonnell, 411 U.S. at 802. In order to satisfy its burden of production, Defendant must only "introduc[e] evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision." Fuentes, 32 F.3d at 763. Defendant satisfies this "light burden" by asserting that the position of Director of Security was eliminated based on efficiency concerns as it "did not add enough value to justify the cost." (Def.'s Mot. Summ. J. 1.)

### c. *Pretext*

Once the employer asserts a legitimate, non-discriminatory reason for the termination, the burden of production returns to the plaintiff, who must now show that the employer's explanation is pretextual. Fuentes, 32 F.3d at 763. To establish pretext and defeat a motion for summary judgment, a plaintiff must set forth some evidence, direct or circumstantial, from which a factfinder could reasonably conclude that either: (1) the employer's articulated legitimate reasons are not credible, or, (2) the invidious retaliatory reason was more likely than not a determinative cause of the employer's action. Id. at 764. The determining factor is whether discriminatory animus motivated the employer and not the business acumen or competence of the employer. Ezold v. Wolf, Block, Schorr & Solis Cohen, 983 F.2d 509, 523 (3d Cir. 1992). Thus, it does not matter whether the employer's hiring decision was wrong or mistaken. Id. at 527. Rather, the plaintiff must expose such "weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its action that a

7

reasonable factfinder could rationally find them unworthy of credence." Id. This prong lies at the intersection of two important goals, the protections formulated in discrimination law and our society's commitment to free decision-making by the private sector in economic affairs, and thus courts have consistently described this as a difficult burden to overcome. Fuentes, 32 F.3d at 765; see also Ezold, 983 F.2d 509 at 531.

Viewing the facts in a light most favorable to Plaintiff, we find that Plaintiff has offered sufficient circumstantial evidence of pretext to survive a motion for summary judgment. Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994) (asserting in a motion for summary judgment all inferences and facts are to be viewed in a light most favorable to the non-moving party). By demonstrating that he was treated differently than similarly situated, younger employees, Plaintiff has presented evidence of discriminatory animus. See Andy v. United Parcel Serv., No. 02-8231, 2003 WL 22697194, at *9 (E.D. Pa. Oct. 24, 2003) (finding an absence of discriminatory animus where plaintiff was treated the same as similarly situated, younger employees).

In addition, courts have held that a close temporal proximity can evidence discriminatory animus. See Drwal v. Borough of West View, Pa., 617 F. Supp. 2d 397, 422 (W.D. Pa. 2009) (citing Williams v. Phila. Hous. Auth. Police Dep't, 380 F.3d 751, 760 (3d Cir. 2004)). The record exhibits a wide disparity as to when the decision to terminate Plaintiff was made by Defendant. Defendant argues that the decision was made two months before Plaintiff complained to Fastman; whereas, Plaintiff contends that January 10, 2011 was the decision date, which was three to four days after Plaintiff's complaint to Fastman. (See Def.'s Mot. Summ. J. at 20; see also Pl.'s Mem. in Opps'n at 2.) In light of this incongruity, we find that there is a

genuine issue of material fact as to when Defendant decided to terminate Plaintiff's employment. However, in a motion for summary judgment, we are required to draw all inferences and view all facts in the light most favorable to the non-moving party. Armbruster, 32 F.3d at 777. Accordingly, for the purposes of this Motion, we utilize January 10, 2011 as the date which Defendant made the decision to terminate Plaintiff's employment. This date was not only proffered by Plaintiff, but also corroborated in deposition testimony by Defendant's Director of Human Resources, Rose Lynch ("Lynch").[2] (See Deposition of Rose Lynch, Def.'s Mot. Summ. J., Ex. E at p. 17.) Using this date, it is apparent that Defendant reached the decision to terminate Plaintiff three to four days after Plaintiff complained of age discrimination to Art Fastman. We find this close temporal proximity to favor Plaintiff in the pretext analysis.

Furthermore, Plaintiff has presented sufficient evidence from which a factfinder could reasonably conclude that Defendant's articulated legitimate reason is not credible. See Mindock v. Weir Minerals North America, 501 Fed. App'x 200, 203 (3d Cir. 2012) (stating burden is on plaintiff to "present evidence contradicting the core facts put forward by the employer as the legitimate reason for its decision") (quoting Kautz v. Met-Pro Corp., 412 F.3d 463, 467 (3d Cir. 2005)). Plaintiff cites to several inconsistencies that support pretext: the inability of the managers of Defendant to pinpoint the date which the decision was made to terminate Plaintiff's position; the complete lack of documentation prior to January 10, 2011, of the decision to terminate Plaintiff, especially in light of the size and sophistication of Defendant's operations;

---

[2] In deposition testimony, Lynch, asserted that she learned of management's decision to eliminate the Director of Security position on January 12, 2011. (Doc. 21 at Ex. E p. 16-17.) However, she states that she received an email, which purports to state that management reached this conclusion two days prior on January 10, 2011. Id.

Plaintiff's testimony that Fastman told him shortly before his termination that he should not worry about being terminated because "we need your position;" and, the decision to offer Plaintiff severance on the condition he waive any ADEA or FMLA claims even though this is not a company policy and according to Fastman had not been done during his time working for Defendant. Taking all of these considerations together, we find that Plaintiff has exposed such "weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." 983 F.2d 509 at 527.

**2.   Retaliation**

The McDonnell Douglas burden-shifting framework also applies to retaliation claims. Swain v. City of Vineland, 457 Fed. App'x 107, 111 (3d Cir. 2012) (citing Marra v. Phila. Hous. Auth., 497 F.3d 286, 300 (3d Cir. 2007)).[3] As previously stated, the initial burden rests with the plaintiff to produce evidence that establishes a prima facie case of retaliation. McDonnell, 411 U.S. at 802. Upon such a showing, Defendant must "articulate some legitimate, nondiscriminatory reason for the employee's rejection." Id. If Defendant discharges this light burden, Plaintiff is charged with demonstrating that Defendant's explanation is pretextual. Fuentes, 32 F.3d at 763.

As we have already found that Defendant has asserted a legitimate, non-discriminatory reason for discharging Plaintiff, and Plaintiff has shown enough evidence of pretext to survive summary judgment, the only issue left for the Court to decide is whether Plaintiff has presented a

---

[3]The anti-retaliation statutes of the ADEA and the PHRA are substantially similar, and are to be interpreted as identical. Fogleman v. Mercy Hosp., Inc., 283 F.3d 561, 567 (3d Cir. 2002); Dici v. Commonwealth of Pennsylvania, 91 F.3d 542, 552 (3d Cir. 1996).

prima facie case of retaliation. A prima facie case of retaliation requires Plaintiff to demonstrate that: (1) he engaged in protected activity; (2) Defendant took an adverse action subsequent to such activity; and (3) a causal link exists between the protected activity and adverse action. Glanzman v. Metro. Mgmt. Corp., 391 F.3d 506, 508-09 (3d Cir. 2004).

Under the ADEA, a person has engaged in protected activity when he or she has either opposed discrimination based on age or participated in proceedings relating to unlawful discrimination. See 29 U.S.C. § 623. In this case, Plaintiff's claim falls under the "opposition clause" of the ADEA. Id. To qualify as protected activity under this clause, a plaintiff is required to demonstrate that he "hold[s] an objectively reasonable belief, in good faith" that the activity he opposes is unlawful under the ADEA. Klastow v. Newtown Friends Sch., No. 12-2931, 2013 WL 1070629, at *2 (3d. Cir. Mar. 14, 2013) (quoting Moore v. City of Phila., 461 F.3d 331, 341 (3d. Cir. 2006)). Defendant argues that there "is no evidence of record that supports any objectively reasonable belief on the part of Mr. Staffieri [Plaintiff] that he was being discriminated against." (Def.'s Mot. Summ. J. at 19.) However, Plaintiff asserts that on multiple occasions he explicitly complained of age bias and discriminatory treatment based on his age to the management of Defendant. (Compl. ¶ 14.) In the Motion for Summary Judgment, Defendant mentions one of these incidents, citing to a conversation between Plaintiff and Fastman where Plaintiff remarked that he believed the rumor of the job elimination "has a lot to do with the age factor. They're (Defendant) looking to bring in someone younger." (Def.'s Mot. for Summ. J. 18.) In light of this incident and Plaintiff's complaints, we find that Plaintiff engaged in activity protected under the ADEA. Klastow, 2013 WL 1070629, at *2 (failing to find that plaintiff engaged in a protected activity where there is no evidence that plaintiff

11

specifically complained of age discrimination); Barber v. CSX Distrib. Servs., 68 F.3d 694, 702 (3d Cir. 1995) (holding that to qualify as protected activity a plaintiff must explicitly or implicitly allege discrimination based upon age; a general complaint without this pinpointed charge is not sufficient).

Defendant does not contest that the termination of Plaintiff's employment constitutes an adverse action. However, Defendant argues that Plaintiff cannot establish the requisite causal link because the decision to eliminate the Director of Security position was made more than two months before Plaintiff complained of age discrimination. (See Def.'s Mot. Summ. J. at 20.) Though the determination is fact specific, a close temporal proximity between the protected activity and the alleged retaliatory conduct, on its own, can satisfy the causal link requirement.[4] See Farrell v. Planters Lifesavers Co., 206 F.3d 271, 281 (3d. Cir. 2000); Krouse v. Am. Sterilizer Co., 126 F.3d 494, 503-04 (3d Cir. 1997). As we have previously stated in this Opinion, the exact date on which Defendant decided to eliminate Plaintiff's position is a genuine issue to be decided at trial. Thus, for the purposes of a summary judgment motion, we cannot agree with Defendant's assertion that Plaintiff has failed to demonstrate a causal link.

**B.    Count III: Violations of the Family and Medical Leave Act**

Plaintiff raises a claim under the FMLA alleging that he was unlawfully terminated in retaliation for taking a qualifying medical leave of absence. (Compl. ¶ 36.) The FMLA contains

---

[4]The Third Circuit has articulated that temporal proximity is sufficient to establish a causal link. Woodson v. Scott Paper Co., 109 F.3d 913, 921 (3d Cir. 1997) (citing Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir. 1989)). However, where the temporal proximity is not "unduly suggestive," the Third Circuit has utilized other factors in the causal link analysis. See Waddell v. Small Tube Products, Inc., 799 F.2d 69, 73 (3d Cir. 1986) (causal connection demonstrated by showing employer gave inconsistent reasoning for terminating the employee); Woodson, 109 F.3d at 921 (causal link found through a pattern of antagonistic behavior exhibited toward plaintiff).

a retaliation provision, which prohibits employers from using "the taking of FMLA leave as a negative factor in employment actions, such as hiring promotions or disciplinary actions." Garabedian v. Lone Star Steakhouse & Saloon, No. 06-3115, 2007 WL 1795677, at *1 (E.D. Pa. June 20, 2007) (quoting Callison v. Philadelphia, 430 F.3d 117, 119 (3d Cir. 2005)). A claim for retaliation in violation of the FMLA requires Plaintiff to show that Defendant intentionally discriminated against him for exercising an FMLA right. Mascioli v. Arby's Rest. Grp., Inc., 610 F. Supp. 2d 419, 433 (W.D. Pa. 2009) (citing Martin v. Brevard Cty. Sch., 543 F.3d 1261, 1267 (11th Cir. 2008)).

FMLA retaliation claims are also governed by the familiar burden-shifting framework set forth in McDonnell Douglas. See Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 147 n. 9 (3d Cir. 2004).[5] McDonnell Douglas requires the plaintiff to establish a prima facie case of retaliation to which the defendant then must "articulate some legitimate, nondiscriminatory reason" for their action. McDonnell, 411 U.S. at 802. Finally, if the defendant carries this "light burden," plaintiff is charged with demonstrating that defendant's explanation was pretextual to garner relief. Fuentes, 32 F.3d at 763.

As we find that Defendant's have annunciated a legitimate, non-discriminatory reason for the elimination of Plaintiff's employment, we solely decide whether Plaintiff has set forth a prima facie case and shown that Defendant's proffered reason was pretextual.

    **a.**    *Prima Facie Case*

In order to set forth a prima facie case of FMLA retaliation, Plaintiff must show: (1) that he took FMLA leave; (2) he suffered an adverse employment decision; and (3) the adverse

---

[5]The McDonnell Douglas framework was previously set forth in greater detail in this Opinion.

decision was causally related to his leave. Conoshenti, 364 F.3d at 146. Defendant does not contest that Plaintiff took a qualifying FMLA leave or that he suffered an adverse employment decision. However, Defendant does argue that Plaintiff has failed to establish a causal connection between his use of FMLA leave and the elimination of this position. (Def.'s Mot. Summ. J. 23.) Specifically, Defendant asserts that since the Third Circuit has previously found that a three month gap was too remote to support a causal connection finding, Plaintiff, whose job was eliminated approximately seven months after his FMLA leave of absence, likewise cannot establish the requisite connection. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 233 (3d Cir. 2007), *cert. denied*, 553 U.S. 1004 (2008). We are not persuaded by Defendant's argument for three reasons.

First, as noted throughout this Opinion, the exact date when the decision was made by Defendant to eliminate Plaintiff's position is a genuine issue of fact for trial. Thus, we are precluded from deciding that issue in this Motion for Summary Judgment. Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 637 (3d Cir. 1993) (holding that district court cannot decide issues of fact at the summary judgment stage).

Second, the holding in LeBoon does not represent an absolute rule. Rather, this finding when viewed against the canvas of relevant judicial opinions illustrates that the ability of temporal proximity to provide a causal connection depends on the individual facts underlying each case. See Kachmar v. Sungard Data Sys., 109 F.3d 173, 178 (3d Cir. 1997) (noting that it is important to emphasize that causation and not temporal proximity is essential to the prima facie case and that temporal proximity provides only an evidentiary basis from which an inference can be drawn); see also Mascioli., 610 F. Supp. 2d at 437 (asserting the degree of suggestiveness of

the time span depends on the particular facts of the case).

Third, courts often focus on the temporal proximity because it is an "obvious method" to raise an inference of unlawful activity, but it is not the only consideration. Ellison v. Oaks 422 LLC, No. 11-2943, 2012 WL 876723, at *7 (E.D. Pa. Mar. 15, 2012) (citing Kachmar, 109 F.3d at 177). Circumstantial evidence of a pattern of antagonism after Plaintiff's taking of FMLA leave can also give rise to the inference of causation. Ellison, 2012 WL 876723, at *7 (citing Kachmar, 109 F.3d at 177). Furthermore, courts should look to the record as a whole to determine whether Plaintiff has set forth a prima facie case. Id.

In this case, Plaintiff has shown a pattern of antagonism by Defendant related to his taking of qualifying FMLA leave. After returning from leave, Plaintiff asserts the following: he was treated "very badly;" he believes he irritated his superior, Fastman, by taking leave; he was denied his request for a handicapped parking spot even though he was recovering from knee surgery; and his assigned parking spot was constantly taken and management of Defendant did nothing to rectify the problem. (Deposition of Ronald Saffieri, at p. 178-79.) Additionally, in the intervening time period before his termination, Plaintiff stated that he was being excluded from meetings; that his job responsibilities were being handled by another employee (White); and that Defendant was attempting to move Plaintiff to a smaller office in the basement of the facility. (See Pl.'s Response at 10.) In light of these assertions, and the Third Circuit's finding that the prima facie prong is "not intended to be onerous," we find that Plaintiff has demonstrated a pattern of antagonism sufficient to set forth a prima facie case. See Sempier v. Johnson & Higgins, 45 F.3d 724, 728-29 (3d Cir. 1995).

**b.** *Pretext*

In evaluating a Plaintiff's claim of pretext, courts have noted that the factors to weigh include timing, an intervening pattern of antagonism, and inconsistencies which discredit the employer's proffered reason. Garabedian, 2007 WL 1795677, at *3 (citing Farrell, 206 F.3d at 280-81; Abramson v. William Patterson Coll. of N.J., 260 F.3d 265, 289 (3d Cir. 2001)). As we have previously found a pattern of antagonism, we now consider whether the record evidences inconsistencies on the part of Defendant. Viewing all inferences and facts in the light most favorable to Plaintiff, we find that the record is rife with inconsistencies shedding doubt on Defendant's reason for terminating Plaintiff's employment. Specifically, these include: the inability of the managers of Defendant to pinpoint the date which the decision was made to terminate Plaintiff's position; the complete lack of documentation prior to January 10, 2010, of the decision to terminate Plaintiff, especially in light of the size and sophistication of Defendant's operations; Plaintiff's testimony that Fastman told him shortly before his termination that he should not worry about being terminated because "we need your position;" and, the decision to offer Plaintiff severance on the condition he waive any ADEA or FMLA claims even though this is not a company policy and according to Fastman had not been done during his time working for Defendant. Accordingly, Plaintiff's claim is sufficient to survive summary judgment.

## IV. CONCLUSION

For the aforementioned reasons, we find that summary judgment is not warranted as to Plaintiff's age discrimination or FMLA claims. Accordingly, Defendant's Motion for Summary Judgment is denied.

An appropriate Order follows.